Case 4:15-cv-00504 Document 53 Filed in TXSD on 07/26/16 Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
July 26, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TROY LEE BRIDGES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-15-0504 |
| | § | |
| GEORGE D. HONECUTT, ET AL., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court in this *pro se* state inmate section 1983 lawsuit is defendants George Honecutt and William Morris's motion for summary judgment (Docket Entry No. 36), to which plaintiff has filed a response (Docket Entry No. 45). Having reviewed the motion and response, the record, and the applicable law, the Court GRANTS the motion for summary judgment and DISMISSES this lawsuit for the reasons that follow.

### *Background and Claims*

Plaintiff alleges that from September 25, 2014, to October 23, 2014, he was assigned to work in the Wynne Unit tag plant. He states that he was not issued steel toe boots and had to wear his regular prison footwear. Plaintiff claims that on October 23, 2014, he slipped on his prison footwear and fell on an elevated pallet jack that had been left in the middle of a work aisle. He suffered swelling on his upper and lower back, lower neck, right leg, and right arm; bruising on his left and middle ring finger; and bruised and swollen testicles. He was given safety boots upon his return to work.

Plaintiff sues prison employees Honecutt and Morris in their individual and official capacities. He argues that his accident and injuries were the result of defendants' failure to provide him steel toe boots, and that they were negligent and deliberately indifferent to his safety. He seeks as judicial relief a permanent injunction requiring defendants to provide him and other workers steel toe boots, and $500,000.00 compensatory and $1 million punitive damages against each defendant.

Defendants seek summary judgment dismissal of plaintiff's claims under the Eleventh Amendment and qualified immunity.

### *Legal Standards*

Summary judgment is appropriate only if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "On a motion for summary judgment, [the court] must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *Deville v. Marcantel*, 567 F.3d 156, 163–64 (5th Cir. 2009). "As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The non-moving party must go beyond the pleadings and show by admissible evidence that specific facts exist over which there is a genuine issue for trial. *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1046–47 (5th Cir. 1996). The non-movant's burden may not be

satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Factual controversies are to be resolved in favor of the non-movant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Wallace*, F.3d at 1048. A court will not, in the absence of any proof, assume that the non-moving party could or would prove the necessary facts. *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995).

To establish a claim under section 1983, a plaintiff must allege and prove a violation of a right secured by the Constitution or laws of the United States, and establish that the alleged deprivation was committed by a person acting under color of state law. *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013). "[Section] 1983 is not itself a source of substantive rights; it merely provides a method for vindicating federal rights conferred elsewhere." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 n. 3 (5th Cir. 1999).

### *Eleventh Amendment Immunity*

Plaintiff sues defendants Honecutt and Morris in their official capacities. The Eleventh Amendment of the United States Constitution bars suits in federal court against a state or one of its agencies, regardless of the relief requested, by anyone other than the federal government or another state. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). A suit for damages against a state official acting in his official capacity is not a suit against that individual, but a suit against the state. *Hafer v. Melo*, 502 U.S. 21, 25

(1991). Therefore, a state actor acting in his official capacity is not a "person" subject to suit under section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

Plaintiff's factual allegations against the defendants concern matters occurring within the scope of their employment as state employees. Thus, a suit against them acting in their official capacity is barred under the Eleventh Amendment. Plaintiff's claims for damages against defendant Honecutt and Morris in their official capacity are DISMISSED as barred by the Eleventh Amendment.

### *Deliberate Indifference to Safety*

Plaintiff alleges that his prison-issued footwear slipped on his feet, causing him to "fumble" and fall over a pallet that had been left in an aisle at the tag plant. According to plaintiff, prison rules required him to wear steel toe boots while working at the tag plant, and that working without steel toe boots violated OSHA, state law, and prison regulations. He states that defendants told them they would order the boots, and that he should wear his regular prison footwear in the meantime. Plaintiff contends that, by not providing him steel toe boots while he worked at the plant, defendants were deliberately indifferent to his health and safety needs in violation of the Eighth Amendment.

In the context of workplace safety, a prisoner seeking to establish an Eighth Amendment violation must demonstrate the defendants' deliberate indifference to his safety. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). A prison official cannot be held liable "unless the official knows of and disregards an

4

excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer* at 837. Deliberate indifference is a stringent standard of fault, requiring proof that a state actor disregarded a known or obvious consequence of his action. The "deliberate indifference" standard permits courts to separate omissions that amount to an intentional choice from those that are merely "unintentionally negligent oversight[s]." *Southard v. Texas Bd. of Crim. Justice*, 114 F.3d 539, 551 (5th Cir. 1997). "Subjective recklessness" as used in criminal law, is the appropriate test for deliberate indifference. *Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997).

This showing requires the prisoner to establish that the defendants (1) were aware of facts from which an inference of an excessive risk to the prisoner's health or safety could be drawn and (2) drew an inference that such potential for harm existed but ignored it. *Farmer*, 511 U.S. at 837. Thus, a prison official acts with deliberate indifference "only if he knows that inmates face a substantial risk or serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. See also *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (holding that a violation of the Eighth Amendment must involve "more than an ordinary lack of due care for the prisoner's . . . safety"); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (stating that it is "obduracy and wantonness, not inadvertence or error in good faith" which characterizes conduct prohibited by the Eighth Amendment). "[A]n official's failure to alleviate a significant risk that he should have perceived but did not,

while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Farmer*, at 838.

State prisons are "not constitutionally required to observe all the safety and health standards applicable to private industry." *Sampson v. King*, 693 F.2d 566, 569 (5th Cir. 1982). Instead, courts look to the totality of the circumstances to determine whether the alleged facts state a claim for cruel and unusual work conditions under the Eighth Amendment. *Id.*; *Jackson v. Cain*, 864 F.2d 1235, 1245 (5th Cir. 1989). Only in exceptional circumstances may a court infer knowledge of substantial risk of serious harm by its obviousness. *Farmer* at 837.

Here, plaintiff fails to show that defendants were deliberately indifferent to his safety needs in requiring him to work while wearing regular prison footwear instead of steel toe boots. While plaintiff repeatedly emphasizes that defendants did not provide him safety boots until after the accident, he fails to show that defendants knew and deliberately ignored any risk to his safety posed by regular prison-issued footwear. That is, plaintiff does not allege and show facts establishing that Honecutt and Morris knew that plaintiff's regular footwear presented a slip and fall risk, and that they deliberately ignored that risk. Nor does plaintiff show that defendants deliberately and intentionally refused to obtain safety boots for plaintiff, or that they unreasonably delayed obtaining the boots. Although plaintiff acknowledged in his grievance that his prison footwear was "too big for [him]," and that he fell on October 23, 2014, because the back of his shoe came off and caused him to stumble

6

off-balance and trip over the pallet, he does not allege that he notified defendants that his shoes were too large or presented a risk for slipping.

Plaintiff states in his response that, following his return to work after the accident, a supervisor named "Dawson" spoke with defendant Morris. Morris then took plaintiff to a back storeroom, where there were several pairs of "dusty" boots "in good condiction" (*sic*), some in plaintiff's size. Plaintiff was given a pair of the boots. Although plaintiff avers that the boots must have been there "all this time" because they were dusty, he makes no factual allegation that Honecutt or Morris were aware of the boots prior to Dawson speaking with Morris, or that defendants had been authorized by Morris to disburse the boots to plaintiff prior to that time. Plaintiff's speculation that defendants were aware of the boots and had been intentionally refusing to give them to plaintiff are conclusory and unsupported in the record.

Nor may plaintiff proceed on his allegation that defendants violated OSHA and state industrial code regulations by not providing him steel toe boots. He does not direct this Court to any applicable OSHA or state industrial code regulation. Regardless, the Fifth Circuit Court of Appeals has long recognized that OSHA does not give rise to a private cause of action. *See Jeter v. St. Regis Paper Co.*, 507 F.2d 973, 976–77 (5th Cir. 1975); *see also Evans v. Turner*, 59 F.3d 1242 (5th Cir. 1995). Nor would the violation of a state industrial code regulation (assuming it applied to state prisons) raise a section 1983 claim in this case.

42 U.S.C. § 1983 requires the deprivation of federal "rights, privileges, or immunities secured by the Constitution and laws."

While unclear, plaintiff arguably claims that defendants' leaving the unattended pallet in the work aisle violated his Eighth Amendment rights, because they "always leave them out in the open like that." (Docket Entry No. 45, p. 3.) Although plaintiff asserts that this created a safety issue, he falls short of showing that defendants' actions constituted deliberate indifference to plaintiff's safety in the instance here.

Liberally construed, plaintiff's allegations show that he slipped while wearing prison footwear, and fell over a pallet that had been left unattended in the aisle. He blames his slip and fall on the fact that he was not wearing the steel toe boots defendants had promised to acquire for him. At best, plaintiff's complaint can be construed as raising a claim for negligence, and negligence is not a theory for affixing liability under section 1983. *See Daniels v. Williams*, 474 U.S. 327 (1986); *Benavides v. Santos*, 883 F.2d 385, 387 (5th Cir. 1989). To the extent plaintiff has raised claims for negligence against the defendants, his claims fail to state a viable claim for which relief can be granted under section 1983, and the claims are DISMISSED WITHOUT PREJUDICE.

Because plaintiff fails to demonstrate that defendants violated his Eighth Amendment rights through deliberate indifference to his need for steel toe boots, defendants are entitled to summary judgment dismissal of the claims.

8

### *Qualified Immunity*

Even assuming plaintiff had established an Eighth Amendment violation, he has not negated defendants' entitlement to qualified immunity. Government employees sued in their individual capacities are presumptively entitled to the defense of qualified immunity. *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992). The usual summary judgment burden of proof is altered when an official pleads in good faith the defense of qualified immunity. *Gates v. Texas Dep't of Protective and Regulatory Servs.*, 537 F.3d 404, 419 (5th Cir. 2008). The burden then shifts to the plaintiff to establish that the official's allegedly wrongful conduct violated clearly established law. *Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005).

To overcome the defense of qualified immunity, a plaintiff must establish that defendants' actions were not objectively reasonable in light of the law as it existed at the time the conduct occurred and in light of the information the defendants possessed at the time. *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010). Here, plaintiff acknowledges that defendants stated they had ordered boots for plaintiff prior to the incident. Plaintiff presents no probative summary judgment evidence that defendants did *not* order the boots prior to the incident. Although plaintiff emphasizes that the defendants subsequently gave him a pair of "dusty boots from a back storage room" after the accident, he presents no probative summary judgment evidence that Honecutt or Morris knew those boots were available prior to the incident or that they had authorization to dispense them to plaintiff prior to the incident.

9

Plaintiff fails to demonstrate that the defendants' actions were not objectively reasonable in requiring plaintiff to work in his prison-issued footwear while waiting for his boots to arrive.

### *Injunctive Relief*

Because no constitutional violation has been shown, plaintiff is not entitled to injunctive relief. Regardless, plaintiff acknowledges that he was given safety boots upon his return to work at the Wynne Unit tag plant five days after the accident, and his request for injunctive relief for the provision of boots is moot at this point. To the extent plaintiff requests that defendants be ordered to provide steel toe boots to all inmates working in the tag plant, he has no standing to seek injunctive relief on behalf of other inmates.

### *Conclusion*

Defendants' motion for summary judgment (Docket Entry No. 36) is GRANTED and plaintiff's federal claims are DISMISSED WITH PREJUDICE. Plaintiff's state law claims are DISMISSED WITHOUT PREJUDICE. Any and all pending motions are DENIED AS MOOT.

Signed at Houston, Texas on July 26, 2016.

_____
Gray H. Miller
United States District Judge